Gregory S. Gewirtz (GG 2772)
Daniel J. Woods (DW 6594)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866

*Attorneys for Plaintiffs SL Technology, Inc. and
Typhoon Industries LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SL TECHNOLOGY, INC. and TYPHOON INDUSTRIES LLC, | Civil Action No. |
| Plaintiffs, | |
| v. | |
| SMARTE CARTE CORPORATION and SMARTE CARTE INCORPORATED,, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs SL Technology, Inc. and Typhoon Industries LLC (collectively "Typhoon"), both being located at 10 Alvin Court, Suite 110, East Brunswick, New Jersey 08816, through their undersigned counsel, hereby allege and aver for their complaint against defendants Smarte Carte Corporation and Smarte Carte Incorporated (collectively "Smarte Carte"), both being located at 4455 White Bear Parkway, Saint Paul, Minnesota 55110, as follows:

### JURISDICTION AND VENUE

1.  This is a civil action arising, among other things, under the Patent Laws of the United States, Title 35 of the United States Code. This is also an action between citizens of different states in which the amount in controversy exceeds $75,000 (seventy-five thousand

620989_1.DOC

dollars), exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), and 1367.

2. This Court has jurisdiction over Smarte Carte pursuant to the laws of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff SL Technology, Inc. is a New Jersey corporation having its principal place of business at 10 Alvin Court, Suite 110, East Brunswick, New Jersey 08816.

5. Plaintiff Typhoon Industries LLC is a New Jersey limited liability company having its principal place of business at 10 Alvin Court, Suite 110, East Brunswick, New Jersey 08816.

6. Upon information and belief, defendant Smarte Carte Corporation is a Delaware corporation having a place of business at 4455 White Bear Parkway, Saint Paul, Minnesota 55110.

7. Under information and belief, defendant Smart Carte Incorporated is a Minnesota corporation having a place of business at 4455 White Bear Parkway, Saint Paul, Minnesota 55110.

## FACTS COMMON TO ALL COUNTS

8. This action relates to Smarte Carte's infringement of Typhoon's patent covering an intelligent locking system; Smarte Carte's breach of a confidentiality agreement between SL Technology Inc. and Smarte Carte; and the unfair competition of Smarte Carte under the common laws of the State of New Jersey as well as Smarte Carte's misappropriation of SL Technology Inc.'s technology.

9. Typhoon developed an innovative and unique biometric locker system and owns intellectual property connected therewith, including at least U.S. Patent No. 6,806,807, and confidential and proprietary trade secret information.

10. On December 18, 2001, SL Technology, Inc. and Smarte Carte entered into a valid and enforceable Confidentiality and Nondisclosure Agreement (the "Confidentiality Agreement") which restricted the disclosure and use of each other's confidential information.

11. Subsequent to the execution of the Confidentiality Agreement, a meeting between Smarte Carte and SL Technology, Inc. took place, during which SL Technology, Inc. disclosed its proprietary and confidential information to Smarte Carte.

12. On October 19, 2004, the United States Patent and Trademark Office validly and lawfully issued U.S. Patent No. 6,806,807, entitled "Intelligent Locking System" ("the '807 Patent"). A true and correct copy of the '807 Patent is attached hereto as Exhibit A. Typhoon Industries LLC is the owner of the entire right, title, and interest in and to the '807 Patent.

13. All products sold or licensed by Typhoon that are covered by the '807 Patent were, and are still, marked with notice that they were covered by the '807 Patent in accordance with 35 U.S.C. § 287.

14. Upon information and belief, during the term of the '807 Patent, Smarte Carte has been and continues to be in the business of making, using, and/or selling biometric locker systems that infringe claims of Typhoon's '807 Patent.

15. Upon information and belief, Smarte Carte makes, markets, offers for sale, sells, and operates the aforementioned infringing biometric locker systems within the United States and within the jurisdiction of this Court. Upon information and belief, Smarte Carte has induced

and is inducing others to use the aforementioned infringing locker systems within the United States and within the jurisdiction of this Court.

16. Upon information and belief, Smarte Carte used the aforesaid confidential and proprietary information to design, manufacture, and market the accused biometric locker system.

## FIRST CLAIM FOR RELIEF
### Smarte Carte's Infringement Of The '807 Patent

17. Typhoon reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

18. Upon information and belief, under 35 U.S.C. § 287 and with knowledge and notice of the '807 Patent, Smarte Carte has made, advertised, offered to sell, used, and sold biometric locker systems that infringe the '807 Patent. Smarte Carte has also contributed to infringement and/or induced infringement of the '807 Patent. The foregoing acts of infringement are ongoing.

19. The foregoing acts of patent infringement by Smarte Carte have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to Typhoon.

20. Typhoon has been damaged by defendants' acts of infringement in an amount which is not yet determinable.

21. Typhoon has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Breach Of Contract

22. Typhoon reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

23. Upon information and belief, Smarte Carte has used Typhoon's confidential information without Typhoon's permission in direct violation of the Confidentiality Agreement.

24. The aforesaid acts of Smarte Carte were committed in conscious disregard of Smarte Carte's legal obligations to Typhoon.

25. The aforesaid acts of Smarte Carte were committed willfully, knowingly, maliciously, and in conscious disregard of Typhoon's rights.

26. The aforesaid conduct of Smarte Carte has caused, and unless restrained by this Court, will continue to cause, immediate and irreparable injury and damage to Typhoon.

27. Typhoon has been damaged by defendants' breach of contract in an amount which is not yet determinable.

28. Typhoon has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Misappropriation

29. Typhoon reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

30. The biometric locker system which SL Technology, Inc. confidentially disclosed to Smarte Carte during various meetings and discussions, were nonpublic, proprietary, and confidential to Typhoon.

31. After Smarte Carte declined to enter into a license for Typhoon's technology, Smarte Carte continued to develop and eventually made, used, sold, and offered for sale biometric locker systems embodying Typhoon's technology.

32. Typhoon had a real and objectively reasonable expectation that it would have been compensated by Smarte Carte for any use of its confidential and proprietary biometric locker systems that were disclosed to Smarte Carte.

33. Smarte Carte has greatly profited from its misappropriation and commercialization of Typhoon's biometric locker systems and has not compensated Typhoon in any way for the use of such confidential and proprietary information.

34. As a result of Smarte Carte's misappropriation and commercialization of Typhoon's biometric locker systems, Typhoon has been damaged in an amount which is not yet determinable and unless Smarte Carte is enjoined from further use of such proprietary and confidential information, Typhoon will suffer irreparable injury in an amount that cannot be compensated in money damages alone.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition (Common Law)

35. Typhoon reasserts and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

36. The aforementioned acts by Smarte Carte constitute unfair competition and unfair business practices contrary to the common laws of the State of New Jersey.

37. The aforesaid acts by Smarte Carte were committed willfully, knowingly, maliciously, and in conscious disregard of Typhoon's rights.

38. The aforesaid acts by Smarte Carte have caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Typhoon.

39. Typhoon has been damaged by defendants' unfair competition in an amount which is not yet determinable.

40. Typhoon has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Typhoon prays for the following relief and an entry of judgment from this Court:

A.  Declaring that the '807 Patent was duly and legally issued, is valid, and is enforceable;

B.  Declaring that Smarte Carte has directly infringed, contributorily infringed, and/or induced infringement of one or more of the claims of the '807 Patent;

C.  Declaring that Smarte Carte has willfully infringed one or more claims of the '807 Patent;

D.  Declaring that this action is an "exceptional" case within the meaning of 35 U.S.C. § 285, and awarding SL Technology, Inc. its reasonable attorney fees and expenses;

E.  Permanently enjoining Smarte Carte and its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of the order from committing further acts of infringement or contributing or inducing others to infringe;

F.  Awarding damages to Typhoon and trebling such damages under 35 U.S.C. § 284 for patent infringement;

G.  Awarding Typhoon compensatory and punitive damages arising out of Smarte Carte's breach of contract, misappropriation, and unfair competition;

H.  Awarding defendants' profits to Typhoon; and

I.  Awarding costs to Typhoon;

J.  Awarding Such other relief as this Court deems necessary and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs hereby demand a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for SL Technology, Inc. and Typhoon Industries LLC*

Dated: January 19, 2006        By: _____
                                    Daniel J. Woods


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiffs nor plaintiffs' attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated: January 19, 2006        LERNER, DAVID, LITTENBERG,
                                KRUMHOLZ & MENTLIK, LLP
                                *Attorneys for SL Technology, Inc. and Typhoon Industries LLC*

                                By: _____
                                    Daniel J. Woods

620989_1.DOC                    8